# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**EDWARD THOMPSON,**

      **Plaintiff,**　　　　　　　　　　**CASE NO. 04-40257**

**vs.**　　　　　　　　　　　　　　　　**HON. PAUL V. GADOLA**
　　　　　　　　　　　　　　　　　　**U.S. DISTRICT JUDGE**

**K. KONENY,** *et al.***,**　　　　　　　　**HON. R. STEVEN WHALEN**
　　　　　　　　　　　　　　　　　　**U.S. MAGISTRATE JUDGE**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, currently an inmate in custody of Michigan Department of Corrections (MDOC) in Carson City, Michigan, filed a Complaint against Defendants K. Koneny, William Gray, M.D., Zakiudbin A. Khan, M.D., Gregg Branham, D.O., W. Warnbur, and S. Bird on September 16, 2004 pursuant to 42 U.S.C. § 1983 seeking monetary damages for alleged violation of his constitutional rights to be free of cruel and unusual punishment, pursuant to the Eight Amendment.[1] Plaintiff alleges that Defendants' failure to accommodate his pre-existing medical needs resulted in

---

[1] As of this writing, Plaintiff had not served Defendants K. Koneny, Gray, Warmbur, and Bird (see Docket no. 32) as well as Defendant Branham.

injury followed by an extended recuperation. Plaintiff further alleges that he received substandard emergency treatment and followup care from MDOC staff and medical providers hired by the MDOC which resulted in medical complications resulting in a lengthy recuperation. Before this Court is *Defendant Dr. Khan's Motion to Dismiss Under Fed R. Civ. P. 12(b)(6)* (Docket no. 12) and Defendant Branham's *Motion to Quash Service of Process And/Or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12b(6) And/Or Motion For Summary Judgment* (Docket no. 21), both of which have been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's claims should be dismissed with prejudice based on his failure to file suit within the applicable statute of limitations. Further, I conclude that Plaintiff's claims are subject to dismissal without prejudice, based on Plaintiff's failure to exhaust his administrative remedies before commencing this action.

## I. PROCEDURAL BACKGROUND

This action pertains to a series of events which occurred between March, 2000 and September 29, 2000. On September 17, 2002, Plaintiff filed suit in this Court, alleging factual and legal claims identical to those contained in the present action Civil Case no. 02-40240. However, unlike the present instance, Plaintiff brought the original suit against the Michigan Department of Corrections and Lapeer Public Hospital, rather than the above Defendants. Likewise, Plaintiff's factual allegations did not mention any of the individuals defending the present action. On November

19, 2002, the Honorable Paul V. Gadola issued an opinion and order of summary dismissal, dismissing Plaintiff's claims without prejudice *sua sponte,* based on his failure to exhaust his administrative remedies. Judge Gadola's opinion and order held that:

> "in the present case, plaintiff has not exhausted his administrative remedies with respect to his claims.  Plaintiff may not exhaust his administrative remedies during the pendency of this federal suit. *Freeman v. Francis,* 196 F. 3d 641, 645 (6th Cir. 1999). Even if plaintiff were to pursue his grievances after filing this suit in federal district court, dismissal of the suit would be appropriate, because exhaustion must occur prior to filing suit, not while the lawsuit is pending. Tribe v. Harvey, 248 F. 3d 1152; 2000 WL 1679468, 1 (6th Cir. November 1, 2000).  Plaintiff has therefore failed to show that he has exhausted his available administrative remedies with respect to his claims."

*Opinion and Order of Summary Dismissal*, Civil Case no. 02-40240.

On September 16, 2004 Plaintiff filed the present complaint.  On October 4, 2004, Judge Gadola issued an order of partial dismissal (Docket no. 6), declining to exercise supplemental jurisdiction over Plaintiff's state law-based gross negligence claims (Count VI of the complaint).   Defendant Khan filed an October 14, 2004 motion to dismiss pursuant Fed R. Civ. P. 12(b)(6) (Docket no. 12) and on December 6, 2004, Defendant Branham filed a motion to quash service of process and/or motion to dismiss also pursuant to Fed. R. Civ. P. 12b(6) and/or motion for summary judgment. (Docket no. 21).[2]

---

[2]On March 9, 2005, the undersigned issued an order for Plaintiff to show cause why Defendants Koneny, Gray, Warmbur, and Bird had not been served (Docket no. 32).  Plaintiff filed a response on April 7, 2005 stating that he was unable to access federal materials at his current facility and further, lacked an understanding of federal

## II.  FACTUAL BACKGROUND

On March 10, 2000, the MDOC transferred Plaintiff from the Kent County Correctional Facility (KCCF) to the Thumb Regional Correctional Facility (TRCF). *Complaint* at ¶ 12-14.  Medical staff at (KCCF) had prescribed Tegretol for Plaintiff, who had been previously diagnosed with seizures due to a head injury.  Plaintiff continued to take the anti-seizure medication at TRCF. *Id.*

Upon his arrival at TRCF, Defendant Koneny, a registered nurse, screened Plaintiff.  According to Plaintiff, he informed Koneny that he had standing physician's orders to be placed on a bottom bunk.  Nonetheless, prison staff assigned Plaintiff a top bunk.  *Id.*

Plaintiff claims that while lying in bed on March 19, 2000, he experienced a seizure which caused him to fall from his top bunk, "landing on, fracturing[,] and dislocating his left shoulder and arm." *Id.* at ¶15.  He was transported to Lapeer Regional Hospital where he received a intravenous saline solution as attempts were made to stabilize his condition.  *Id.* at ¶16.  Plaintiff alleges that a couple of days later, he noted inflammation at the site of the intravenous insertion and began to run a fever several hours later. *Id.* at ¶17.  Plaintiff was re-admitted to Lapeer Regional Hospital where personnel diagnosed Plaintiff with a staph infection. *Id.* at 19.  Plaintiff spent

---

civil procedure.  He requested appointment of an attorney.  On April 13, 2005 Judge Gadola issued an order, noting that Plaintiff had not signed his April 7 statement, allowing Plaintiff thirty days to submit a *signed* copy of his statement (Docket no. 34).

two days at the hospital and was prescribed various drugs for the staph infection and fever. Id. at ¶21.  Upon his return to TRCF, prison staff placed Plaintiff in segregation for the duration of his recovery for "security reasons" stemming from the need for medical staff to administer drugs intravenously.  *Id.* at ¶22.  Plaintiff states that he received followup care until September 29, 2000. *Id*. at ¶23.  Plaintiff alleges that due to Defendants' "deliberate and reckless acts and/or omissions [he] suffered a serious injury and risk of death with months of enduring pain and mental anguish." Id. at ¶24. Plaintiff alleges that he still experiences tingling and numbness in his arm as a result of the incident.

### III.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct.

2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## IV.   ANALYSIS

### A.   The Statute of Limitations

Plaintiff's claim is subject to dismissal with prejudice for his failure to file the present action within three years of the alleged violation. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) held that federal courts should generally apply state personal injury statutes of limitations to § 1983 claims. *See, also, Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986). MCLA § 600.5805(10) states that in Michigan, the statute of limitation for personal injury claims is three years.   Plaintiff's present suit, filed in this Court on September 16, 2004 ( based upon events which began in March, 2000 and ended on September 29, 2000) clearly places his claim outside of the time permitted for filing - even if the time period for filing is tolled for the period that he pursued administrative remedies.

In *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir. 2000), the court held that the statute of limitations was tolled for the period of time required to complete administrative remedies, reasoning that since 42 U.S.C. § 1997e(a) "unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation," the applicable statute of limitations should be tolled while the prisoner pursues state remedies.

Even if the Court tolls Plaintiff's cause of action for the time spent exhausting administrative remedies from February 12, 2004 until September 16, 2004 when he commenced the present action, Plaintiff's claim expired prior to his pursuit of state remedies. Further, he cannot tack on an additional tolling period for the exhaustion of administrative remedies in his first suit, since Plaintiff acknowledged that he had not attempted to pursue administrative remedies prior to filing his earlier action, dismissed by Judge Gadola on November 19, 2002 without prejudice. *See Complaint* at 3 from Civil Case no. 02-40240. Further, even if the sixty-three day duration of Plaintiff's 2000 lawsuit tolled his claim, the additional time would still place the present complaint outside the three year limits.[3]

However, Plaintiff argues that the statute of limitations should be equitably tolled, because his lack of legal knowledge and the fact he suffers from dyslexia prevented him from filing a complaint within the statute of limitations. *Response to Motion to Dismiss* at 8.

In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984), the Court held that "procedural requirements

---

[3]The first lawsuit would probably not toll Plaintiff's statute of limitations anyway. *See, Napier v. Hawthorn Books, Inc.* 449 F.Supp. 576, 578 (E.D. Mich. 1978): "[T]he letter and spirit of the tolling statute requires that the Court acquire jurisdiction over the defendant in the prior action in order for the limitation period to be tolled." In the first action, the Court did not acquire jurisdiction over Defendants. As discussed in Section **B**., in the original case, although based on the same set of facts, Plaintiff failed to name any of the present Defendants.

established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id*. at 151. *See Seay v. TVA*, 339 F.3d 454(6th Cir. 2003) ("Equitable tolling is the exception, not the rule"). and *Johnson v. United States Postal Service*, 863 F.2d 48 (6th Cir. 1998), quoting, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ( "'garden variety neglect' cannot be excused by equitable tolling").

In *Truitt v. County of Wayne,* 148 F.3d 644 (6th Cir 1998 ), the court upheld the district court's refusal to grant equitable tolling citing five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id*. at 648; *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). The *Truitt* court also noted that "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id*.; *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 260 (10th Cir. 1994).

Although Plaintiff claims that he was ignorant of his rights after his first lawsuit's dismissal, he has not established that he lacked access to the same self-help resources available to other inmates - most of whom are similarly unsophisticated. Further, Plaintiff does not satisfactorily explain the fifteen month delay between the

time his lawsuit was dismissed and his commencement of grievance proceedings except to say that after his lawsuit was dismissed he was "not provided with any notice" with the time remaining to file suit. *Response to Dismissal* at 8. Although he asserts that he diligently pursued his rights, the long delay between the first and second suit indicates otherwise. Finally, subjecting Defendants (neither of whom were named in the previous lawsuit) to legal action based on an incident that occurred half a decade ago defeats the purpose of limiting such actions to three years. Plaintiff has not convinced the Court that his claim should be equitably tolled, and therefore his claim should be dismissed with prejudice.

### B. Exhaustion of Administrative Remedies

Defendant Kahn argues Plaintiff's claims should be dismissed on the basis of his failure to exhaust his administrative remedies before commencing this suit. Defendant states further that although Plaintiff made a generalized grievance at Steps One and Two of the grievance process, he failed to name the defendants at either step.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.s.

731, 741, 121 S.Ct. 819, 149 L. Ed.2d 958 (2001). A failure to exhaust requires the dismissal of the unexhausted claims, even if those claims are otherwise properly stated. *Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999). In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion.

Defendant Khan notes correctly that Plaintiff did not provide documentation along with his complaint indicating that he exhausted his administrative remedies before commencing suit. More fundamentally, Plaintiff commenced the present action before receiving a response to his Step three grievance. The present action, filed September 16, 2004, predates the third step grievance response by twenty-nine days. Docket number 15, filed by Plaintiff on November 2, 2004 shows that Plaintiff's administrative remedies were not exhausted until October 15, 2004. This overlap of the administrative process and district court action fails to comport with the requirements of 42 U.S.C. § 1997e(a), which state that the administrative process must be complete at the commencement of the lawsuit.

Under most circumstances, commencing suit before receiving a Step three response would mandate dismissal. *See Freeman, supra,* 196 F. 3d at 645. However, the Sixth Circuit recently adopted the Fifth, Seventh, Eighth and Tenth Circuits position in holding that a prisoner is deemed to have exhausted his administrative remedies (assuming the prisoner has met the other requirements of exhaustion) if

prison officials fail to respond to his grievances in a timely fashion. In *Boyd v. Corrections Corporation of America* 380 F.3d 989, 996 (6th Cir. 2004), the court noted that "[a]dministrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." The *Boyd,* court also refused "to interpret the PLRA 'so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances.'" *Id*.; *Quoting Foulk v. Charrier,* 262 F.3d 687, 698 (8th Cir.2001).

In the present case, Plaintiff, whose complaint indicated that he had exhausted his state remedies, states that he filed his Step Three grievance on March 26, 2004 (see Docket no. 15, Exhibit 2). On May 25, 2004, Plaintiff apparently sent a followup letter to the Department of Corrections director inquiring about the status of his grievance. As discussed above, Plaintiff finally received a response on October 15, 2004. While no evidence suggests that the MDOC exploited the exhaustion requirement to deny his rights, MDOC's six and a half month response time cannot be deemed "timely" under *Boyd* or any other reasonable standards. Although Plaintiff overlapped his administrative and judicial remedies, his case cannot be dismissed on this basis.

Nonetheless, Plaintiff's claim is subject to dismissal without prejudice based on his failure to name Defendants at Step One of the grievance procedure. Plaintiff concedes that he did not name individuals in his grievance, but asserts that "the grievance made a general challenge" to TRCF's inhumane treatment of its prisoners.

*Response to Motion to Dismiss* at 3.  However, Plaintiff's generalized submission (which omits any mention of the individuals he is now suing) is not sufficient to demonstrate that he exhausted his remedies.  *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) states:

> "The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be § 1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court."

*See also, Freeman, supra,* 196 F. 3d at 645 ("[T]he importance of using the prison grievance process is to alert prison officials to problems.") In the present case, Plaintiff's failure at the administrative level to list the individuals that he is now suing mandates dismissal of his claims.

## V.  CONCLUSION

For the reasons stated above, I recommend *Defendant Dr. Khan's Motion to Dismiss Under Fed R. Civ. P. 12(b)(6)* (Docket no. 12) and Defendant Branham's *Motion to Quash Service of Process And/Or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12b(6) And/Or Motion For Summary Judgment.* (Docket no. 21) be GRANTED WITH PREJUDICE based on Plaintiff's failure to file suit within the applicable statute of limitations. Further, I conclude Plaintiff's claims are subject to dismissal  WITHOUT PREJUDICE, based on Plaintiff's failure to exhaust his administrative remedies before commencing this action.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              **s/R. Steven Whalen**
                                              **R. STEVEN WHALEN**
                                              **UNITED STATES MAGISTRATE JUDGE**

**Dated: May 4, 2005**

## CERTIFICATE OF SERVICE

**The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 4, 2005.**

                          **s/G.K. Wilson**
                          **Judicial Assistant**